CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 10 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROGER HUFFMAN, | ) |
| Plaintiff, | ) Civil Action No. 5:05CV00074 |
| v. | ) **MEMORANDUM OPINION** |
| AUDREA WYNN, II, M.D., | ) By: Hon. Glen E. Conrad |
| WINCHESTER ORTHOPAEDIC ASSOC., | ) United States District Judge |
| Defendants. | ) |

Roger Huffman brings this tort action against Audrea Wynn, II, M.D. and Winchester Orthopaedic Associates, alleging that the defendants were negligent in his treatment. Jurisdiction is based on diversity of parties, under 28 U.S.C. § 1332(a). The case was filed in this court on October 28, 2005. The case is currently before the court on defendant Winchester Orthopaedic Associates' Motion to Dismiss Count Two of the Complaint. For the following reasons, the court will grant the defendant's motion to dismiss.

## BACKGROUND

The plaintiff filed a complaint alleging medical malpractice and negligent credentialing, hiring, supervision, retention, and other negligence. He seeks to recover one million seven hundred fifty thousand dollars. The claims arise out of treatment provided to the plaintiff by Wynn, an employee of Winchester Orthopaedic Associates ("Winchester Orthopaedic").

The plaintiff's Complaint states that he first saw Wynn on December 10, 2001. (Compl. ¶ 7.) On about January 18, 2002, Wynn advised the plaintiff that open surgery would be the best choice by which to remove a loose body from his elbow. (Compl. ¶ 8.) No loose body was

found during the surgery on February 8, and the plaintiff's postoperative diagnosis was synovitis and extensor tendonitis. (Compl. ¶ 9.) On about February 19 and March 20, the plaintiff reported to Wynn and had numbness and hypesthesia return of the nerve. (Compl. ¶¶ 10-11.) An electromyographic study on April 30 showed nerve damage at the elbow area, and Wynn found evidence of severe chronic nerve injury, with some active left ulnar neuritis at the elbow on May 9. (Compl. ¶¶ 12-13.) Wynn also noticed carpal tunnel syndrome, and indicated that it would be best to "do a transposition to get the pressure off the nerve and decompress it in the scar." (Compl. ¶ 13.)

On May 29, Wynn performed an ulnar nerve decompression and anterior subcutaneous transposition. (Compl. ¶ 14.) The diagnosis was ulnar neuritis of the left arm. (Compl. ¶ 14.) On July 9, the plaintiff presented to Wynn for a follow-up. (Compl. ¶ 15.) Wynn noted that the plaintiff " ... is getting along by the hardest," and that the plaintiff's left hand and fingers were numb and that he had no grip. (Compl. ¶ 15.) The plaintiff's hand shook and he had atrophy in the ulnar nerve distribution. (Compl. ¶ 15.) Wynn referred the plaintiff to occupational therapy and advised him to wait six weeks to get a second opinion. (Compl. ¶ 15.)

The plaintiff had a second follow-up appointment on October 29, and Wynn noted that the plaintiff's EMG showed "severe left ulnar neuropathy localized to the elbow with evidence of partial more proximal recovery," and that the plaintiff had a significant loss of function. (Compl. ¶ 16.) After an appointment on February 20, 2003, Wynn stated that the plaintiff's left extremity showed "consistency with subacute ulnar mononeuropathy consistent with elbow location." (Compl. ¶ 17.) Wynn stated that, "at this point in time we are going to do our best to try and live

2

with this," and mentioned that there is a question as to whether the plaintiff would be at risk as an electrician. (Compl. ¶¶ 10-11.)

The plaintiff's complaint includes the following claims: (1) the defendants committed medical malpractice (Count One); and (2) the defendant Winchester Orthopaedic was negligent in credentialing, hiring, supervising, and retaining Wynn, and was otherwise negligent in the performance of its duties (Count Two). Defendant Winchester Orthopaedic filed a motion to dismiss Count Two of the plaintiff's Complaint. The plaintiff responded, and a hearing was held before this court on April 17, 2006.

## DISCUSSION

A complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) only when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1992). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations, and view the complaint in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411 (1969).

I. **Failure to State a Claim**

The defendant claims that Count Two fails to state a cause of action for which relief can be granted as to: negligent credentialing; negligent hiring; negligent supervision; negligent retention; and "being otherwise negligent."

3

A.  Negligent Credentialing

The defendant claims that "negligent credentialing" is not a cognizable cause of action in Virginia against a corporate entity operating as a private physicians' practice group. Winchester Orthopaedic describes credentialing as an exercise performed by a committee of a hospital. The plaintiff responds that Wynn is an employee and agent of Winchester Orthopaedic, and that the practice group is therefore responsible for credentialing.

The Circuit Court for the City of Richmond dealt with the issue of negligent credentialing in Clements v. MCV Assoc. Physicians, 61 Va. Cir. 673 (Va. Cir. Ct. 2002). One of the defendants in that case was the Medical College of Virginia ("MCV") Associated Physicians. The plaintiff had sued the defendants, including MCV Associated Physicians, for negligent credentialing after a doctor employed by the MCV Associated Physicians failed to properly diagnose and treat the plaintiff for bacterial endocarditis. Id. at 674. The court dismissed the negligent credentialing claim against MCV Associated Physicians, finding that they did not have control over the credentialing process at MCV Hospital. Id. at 675. The court also dismissed the negligent credentialing claim against the hospital, finding that the hospital did not have a right of control over the doctor, which would be necessary to find liability as to the hospital. Id. at 676 ("[t]here is no allegation in the pleadings that the MCV Hospital directly employed Dr. Durham as an independent contractor to perform services for MCV Hospital").

The Circuit Court for the City of Winchester has also noted, in a case in which the plaintiff sued the hospital for negligent credentialing, that "negligent credentialing is a cause of action which requires an emphasis on the facts surrounding the credentialing and recredentialing of physicians.... [n]ormally, it will have nothing to do with the facts and circumstances of the

4

physician's conduct during the treatment." Stottlemyer v. Ghramm, 60 Va. Cir. 474, 483 (Va. Cir. Ct. 2001). That case required the plaintiff to adhere to an even more stringent pleading standard for a negligent credentialing claim, holding that the plaintiff must specifically plead that he reasonably relied on the hospital's credentialing process, and that the reliance caused the plaintiff's injury. Id. at 482.

In this case, the court finds it unnecessary to reach the issue of whether a physicians practice group could be held liable for negligent credentialing under Virginia law, because it concludes that the plaintiff has failed to state any claim for negligent credentialing. Even if a private practice group could perform the credentialing process, the plaintiff has not alleged that Winchester Orthopaedic had this authority, or exercised the control over Wynn required in order to state a claim for negligent credentialing. See Clements, 61 Va. Cir. at 676.[1] The court must therefore dismiss the negligent credentialing portion of Count Two.

B. Negligent Hiring

The defendant also contends that the plaintiff fails to state a cause of action for "negligent hiring," because the plaintiff does not make the necessary factual allegations to support such a claim. In support of the claim, the plaintiff relies upon his allegations that: (1) Wynn was an employee of Winchester Orthopaedic; and (2) that Wynn deviated from the standard of care.

The Supreme Court of Virginia has recognized the tort of negligent hiring. J... v. Victory Tabernacle Baptist Church, 372 S.E.2d 391, 393 (1988). This cause of action is based upon the principle that "one who conducts an activity through employees is subject to liability for harm

---

[1] The court also concludes that the plaintiff has failed to meet the more stringent pleading requirements set forth by the Winchester Circuit Court. See Stottlemyer, 60 Va. Cir. at 482.

5

resulting from the employee's conduct if the employer is negligent in the hiring of an improper person in work involving an unreasonable risk of harm to others." Southeast Apartments Mgmt., Inc. v. Jackman, 513 S.E.2d 395, 397 (Va. 1999). The tort of negligent hiring involves an element of knowledge. The plaintiff must establish that: an employee had a propensity for the conduct that ultimately resulted in the injury to others and knowledge of the propensity was reasonably discoverable; the employer failed to inquire; and if the employer had inquired, it would not have placed the employee in the position that it did. Courtney v. Ross, 45 Va. Cir. 429, 430 (Va. Cir. Ct. 1998) (citing Davis v. Merrill, 112 S.E. 628 (Va. 1922)). This knowledge must occur prior to the hiring or placement of the employee. Id. at 430.

This element of knowledge has been dealt with by the federal district courts. In Simmons v. Baltimore Orioles, 712 F. Supp. 79 (W.D. Va. 1989), the plaintiff had alleged negligent hiring after he was injured in a fight with baseball players employed by the Baltimore Orioles. Finding that the complaint had not alleged "a previous tendency towards violence," and had not even "suggested" such a tendency, the court granted the motion to dismiss. Id. at 81. The court found that the tort of negligent hiring, "conditions liability on the employer's knowledge that the employee's past actions strongly suggest that he is unfit for a job which involves an unreasonable risk of harm to others." Id. The court distinguished the facts of Simmons in Anderson v. Wiggins, 1997 WL 470367 (W.D. Va. 1997). In that case, the court found that the plaintiff could overcome a motion to dismiss without alleging specific acts that would have suggested to the employer that the employee was unfit for the job of driving a tractor-trailer. However, the plaintiff had alleged that the employer failed to adequately interview; hired an inexperienced

6

driver; and failed to inquire as to the employee's work habits and general fitness for the position. Id.

The court concludes that the allegations made by the plaintiff in this case are not sufficient to state a claim for negligent hiring. The plaintiff has failed to allege any sort of knowledge by Winchester Orthopaedic, prior to hiring Wynn, of the possibility that the defendant would create an unreasonable risk of harm or be unfit for the position. In addition, the plaintiff has not suggested that Winchester Orthopaedic failed to inquire about relevant issues during the hiring process. The court will therefore dismiss the negligent hiring component of Count Two.[2]

C. Negligent Supervision

Winchester Orthopaedic contends that the claim for "negligent supervision" must be dismissed because Virginia does not recognize a cause of action for negligent supervision. The plaintiff agreed at the hearing on this matter. The Supreme Court of Virginia has held that there is no duty of reasonable care imposed upon an employer in the supervision of his employees; therefore, there can be no negligence because there is no legal duty. Chesapeake and Potomac Telephone Co. v. Dowdy, 365 S.E.2d 751, 754 (1988). The court is therefore constrained to dismiss the negligent supervision portion of Count Two.

D. Negligent Retention

The defendant also contends that the plaintiff fails to state a claim for "negligent retention." According to the defendant, the plaintiff has not alleged that Winchester Orthopaedic knew or should have known that the employee was likely to harm patients. The plaintiff relies

---

[2]The court recognizes that plaintiff may seek to amend to reinstate this claim, if appropriate, following conduct of discovery.

7

upon the allegations that: (1) Wynn was an employee or agent of Winchester Orthopaedic; and (2) Wynn deviated from the standard of care.

The Supreme Court of Virginia has recognized a cause of action for the tort of negligent retention, describing it as "based on the principle that an employer ... is subject to liability for harm resulting from the employer's negligence in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm [others]." Southeast Apartments Mgmt., Inc. v. Jackman, 513 S.E.2d 385, 397 (1999). The plaintiff must therefore show that Winchester Orthopaedic knew that Wynn was dangerous or likely to harm others in order for the cause of action to survive a motion to dismiss. See Barrett v. Applied Radiant Energy Corp., 240 F.3d 262, 269 (4th Cir. 2001) (affirming summary judgment where there was no evidence that the employer had actual or constructive knowledge of the employee's misconduct).

The court concludes that the plaintiff has failed to state a claim for negligent retention, because the plaintiff has made no allegation that Winchester Orthopaedic had knowledge that Wynn was dangerous or likely to harm patients. The negligent retention component of Count Two must therefore be dismissed.[3]

### E. Other Negligence

Finally, Winchester Orthopaedic claims that the plaintiff fails to state a cause of action for the defendant being "otherwise negligent." According to the defendant, the claim is vague and cannot be cured by additional pleading. The plaintiff responds that discovery is still in its early

---

[3]The court recognizes that plaintiff may seek to amend to reinstate this claim, if appropriate, following conduct of discovery.

8

stages, and he may find other theories of negligence. If Count Two is dismissed, the plaintiff contends that justice will be denied.

Sufficiency of the pleadings is a procedural issue to which federal law applies in a diversity case. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 325 (4th Cir. 1996). Requirements for civil pleadings in federal court are governed by Federal Rule of Civil Procedure 8, which only requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must give the defendant notice of the claim and the basis of the claim. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." McNair, 95 F.3d at 325 (citing Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). The United States Court of Appeals for the Fourth Circuit has held that "dismissal of a complaint for failure to state facts supporting each of the elements of a claim is ... proper." Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002). To successfully make a claim, the plaintiff must disclose that each element is present. Id. In order to determine whether the plaintiff is entitled to relief, the court must consider the substantive Virginia law of negligence, and determine whether the plaintiff has alleged any set of facts that would permit a finding of negligence. McNair, 95 F.3d at 325.

The elements of a negligence claim in Virginia are: a legal duty on the part of the defendant; a breach of that duty; a showing that such a breach was the proximate cause of injury; and damage resulting to the plaintiff. Blue Ridge Serv. Corp. v. Saxon Shoes, Inc., 624 S.E.2d

55, 62 (Va. 2006) (citing Trimyer v. Norfolk Tallow Co., 66 S.E.2d 441, 443 (Va. 1951)). Although the plaintiff alleged in the complaint that he suffered damage from Winchester Orthopaedic's breach of a duty to provide competent healthcare, the court concludes that the defendant has not been put on notice of the basis of the plaintiff's claim and the plaintiff has not stated facts in support of each element of negligence. The plaintiff has failed to state claims against Winchester Orthopaedic for negligent credentialing, negligent hiring, negligent supervision, and negligent retention. From the facts alleged in Count Two, it is impossible for the court to distinguish between these claims and any other way in which defendant Winchester Orthopaedic was negligent in providing competent healthcare to the patient.[4] In addition, the court concludes that the defendant was not put on notice as to how the negligence asserted against Winchester Orthopaedic differs from the negligence claimed in Count One. The court therefore concludes that Winchester Orthopaedic has not been put on notice of the claim and the basis of the claim that the plaintiff was "otherwise negligent," and that portion of Count Two must be dismissed.

II.     **Statute of Limitations**

The court has concluded that Count Two does not set forth a viable cause of action, and therefore does not reach the issue of whether Count Two is barred by the statute of limitations. The court declines to rule on whether Count Two relates back to the date of the original pleading in state court, or whether Count Two is barred by the statute of limitations.

---

[4]This conclusion does not necessarily foreclose the plaintiff from asserting some distinct claim for negligence by amendment, alleging the facts to distinguish it from the claims dismissed.

10

## CONCLUSION

The plaintiff has failed to state claims for negligent credentialing, negligent hiring, negligent supervision, negligent retention, and being "otherwise negligent" against defendant Winchester Orthopaedic. For the reasons stated, the defendant's motion to dismiss Count Two of the Complaint is granted.

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 10th day of May, 2006.

*/s/ Glen E. Conrad*
United States District Judge